John Brandt and Frank Neifing v. Ann McEntee.

1. Jury—*To Weigh Conflicting Evidence.*—Where the evidence is conflicting and irreconcilable, it is the business of the jury to weigh it and reject such as they think unworthy of belief.

2. Verdict—*Upon Conflicting Evidence.*—Where the evidence of the successful party when considered by itself is reliable and sufficient to sustain the finding, this court will not reverse the judgment, unless it is apparent that the jury were actuated by passion or prejudice.

3. Intoxicating Liquors—*Damages Arising from the Sale.*—In actions for damages arising from the sale of intoxicating liquors, evidence of the wife (plaintiff) as to what had been the earnings of her husband prior to his injury, and as to what the support per week out of his earnings was worth to her, is competent.

4. Instructions—*Joint Action Against Saloon Keepers.*—In an action against two saloon keepers by a wife for an injury to her means of support, etc., it is proper to instruct the jury that if any sales have been proven by the plaintiff, of intoxicating liquors to her husband by either of the bar tenders in the employ of either of the defendants, then as matter of law such sales are the sales of the said defendants, respectively, and in making up their verdict they should so consider them.

Memorandum.—Action for damages. Sales of intoxicating liquors. Appeal from the Circuit Court of Marshall County; the Hon. Thomas M. Shaw, Judge, presiding. Heard in this court at the December term, 1893, and affirmed. Opinion filed May 22, 1894.

The opinion states the case.

Winslow Evans, attorney for appellants.

Appellee's Brief, Barnes & Barnes, Attorneys.

At common law the finding of a jury was not subject to review on appeal, but the trial judge had the power to grant

a new trial if he believed the finding was not sustained by the evidence. Bishop v. Busse, 69 Ill. 303.

The verdict should not be set aside merely because the court would have found the other way, or would have been better satisfied with a different finding. Varner v. Varner, 69 Ill. 644; T., P. & W. R. R. v. Moore, 77 Ill. 317; Gilbert v. Bane, 79 Ill. 341.

Nor because the court might doubt its correctness. Ill. Cent. R. R. v. Cowles, 32 Ill. 116; Reynolds v. Palmer, 70 Ill. 288.

The verdict of a jury will not be set aside as unwarranted if the evidence of the prevailing party standing alone, is sufficient to support the verdict if believed. Bush v. Kincaid, 20 Ill. 93; Tolman v. Race, 36 Ill. 472; Robinson v. School Trustees, 66 Ill. 538; Addens v. Suner, 89 Ill. 481; Shevalier v. Seager, 121 Ill. 564; I. B. & W. R. R. v. Buckles, 21 Ill. App. 181; Fletcher v. Patton, Id. 328; Holdeman v. Semisatt, Id. 230; Springfield v. Seigler, Id. 324; I. B. & W. R. R. v. Huishaw, Id. 335.

Nor will a verdict be disturbed, where the evidence is conflicting, and sufficient to support a verdict either way. Smith v. Williams, 22 Ill. 357; Lewis v. Lewis, 92 Ill. 237.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

Appellee brought this action to recover damages for injury to her means of support caused by her husband having four of his fingers frozen off one hand while intoxicated from liquor sold him by appellants. She recovered a judgment for $800.

Appellants are saloon keepers, doing business in the village of Washburn in Woodford county. Appellee's husband, Patrick McEntee, is a drayman residing at Lacon in Marshall county. On an extremely cold day in January, 1893, McEntee visited Washburn on business and while there became very much intoxicated. While in that condition he started late in the evening for Lacon, twelve miles distant. When about half way home he fell or was thrown

from his buggy.   There he was found the next morning lying in the snow, so badly frozen as to necessitate the amputation of four fingers.   He testified that he arrived at Washburn about four o'clock in the afternoon; that after putting up his horse at the livery stable he went to Neifing's saloon where he procured from Neifing's bar tender a drink of whisky, then went to Brandt's and procured from his bar tender another drink of whisky, then returned to Neifing's, obt~ ' another drink from the bar tender, then back to ь. au s, where he obtained from the bar tender a drink and a bottle of whisky to use on his trip home.   He was contradicted by both bar tenders, who swore that McEntee procured no liquor of them at all that day.

The chief contention of appellants is that the verdict is so manifestly against the weight of the evidence as to call for a reversal of the judgment.   Where the evidence is conflicting and irreconcilable it is the business of the jury to weigh it and reject such as they think unworthy of belief.   In such a case, when the evidence of the successful party when considered by itself is sufficient to sustain the finding, this court will not reverse the judgment unless it is apparent that the jury were actuated by passion or prejudice.   Pullman v. Ogle, 27 Ill. 335; Sherer v. Seager, 121 Ill. 564; Fletcher v. Patton, 21 App. 328.   The testimony of Patrick McEntee is reasonable and consistent.   Although contradicted by several other witnesses we are not prepared to say that the jury were mistaken in believing him or were controlled by passion or prejudice in rejecting the testimony of the bar tenders.

The court committed no error in admitting the testimony of appellee as to what had been the earnings of her husband prior to the loss of his fingers, and as to what the support per week out of his earnings was worth to her.

The court instructed the jury in plaintiff's sixth instruction as follows:

" You are instructed as matter of law that if any sales have been proven by the plaintiff of intoxicating liquors to her husband by either of the bar tenders in the employ of either

of the defendants, John Brandt and Neifing, then as matter of law such sales are the sales of the said defendants respectively, and in making up your verdict you should so consider them."

Appellants' objection to this instruction is hypercritical. It is contended that by it the jury were in effect told that both defendants might be held liable for the sales of the bar tender of one of them. In our opinion the instruction is not subject to that criticism.

Seeing no error in the record the judgment will be affirmed.